[No. 20999.  In Bank.—February 15, 1895.]

## THE PEOPLE, RESPONDENT, *v.* M. L. G. O'BRIEN, APPELLANT.

CRIMINAL LAW—PRESUMPTION OF INNOCENCE.—The presumption of innocence does not cease upon the submission of the cause to the jury; and it is error for the court to instruct the jury that the presumption of innocence goes with the defendant until the case is finally submitted to them.

ID.—EMBEZZLEMENT—EVIDENCE—DEPOSIT OF MONEY BY PROSECUTING WITNESS—ANTICIPATION OF EVIDENCE FOR DEFENDANT.—Upon the trial of a defendant accused of the crime of embezzlement it is error to allow the people, when putting in their evidence in chief, to show that the prosecuting witness had certain money on deposit, in order to strengthen or bolster the testimony of such witness, in anticipation of the evidence for the defendant.

ID.—INSUFFICIENT PROOF OF EMBEZZLEMENT—CONFLICTING EVIDENCE.—The rule applicable to conflicting evidence does not prevent the review of the sufficiency of the evidence to show a case of embezzlement, where the conflicting evidence is as to facts, which, if taken as proven, do not make out a case of embezzlement.

ID.—ABSENCE OF FELONIOUS INTENT—FAILURE TO PAY DEBT—DISPUTED ACCOUNTS BETWEEN ATTORNEY AND CLIENT.—Where there is no evidence tending to show an intent to steal, or to convert the property of another clandestinely or feloniously, the offense of embezzlement is not made out; nor can the statute against embezzlement be used to punish a party for a mere failure to comply with a pecuniary obligation; and where the evidence shows merely a case of disputed mutual accounts between an attorney and client, for which a civil action is the appropriate remedy, the charge of embezzlement is not sustained.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion of the court.

*D. J. Toohy,* for Appellant.

*Attorney General W. H. H. Hart, Deputy Attorney General Charles H. Jackson,* and *District Attorney William S. Barnes,* for Respondent.

McFARLAND, J.—The defendant was convicted of the crime of embezzlement, and appeals from the judgment and from an order denying his motion for a new trial.

There were undoubtedly some errors of law committed at the trial. For instance, the court instructed the jury that the presumption of innocence goes with the defendant " until the case is finally submitted to you." This was error. " The presumption of innocence does not cease upon the submission of the cause to the jury." (*People* v. *McNamara*, 94 Cal. 514.) It was also error to allow the respondents, when putting in their evidence in chief, to show that the prosecuting witness had certain money on deposit in order to strengthen or bolster her testimony in anticipation of what they supposed appellant's evidence might be. There were one or two other errors not necessary to mention. Whether any of these errors was of sufficient importance to warrant a reversal we need not determine under the views which we take of the case.

We cannot find in the record sufficient evidence to sustain a conviction of the crime charged. Counsel for the people invoke the rule applicable to conflicting evidence; but the conflicting evidence was as to facts which if taken as proven do not make out a case of embezzlement. The modern statutory crime of embezzlement, which did not exist at common law, is not a substitute for imprisonment for debt, and cannot be used to punish a party for a failure to comply with an ordinary pecuniary obligation. It can be committed only when the confidential relation of employer and employee exists, and where the latter has *feloniously* converted money or other property of the former which come into the hands of the employee by virtue of said confidential relation. It is true that in the case at bar the appellant is an attorney at law and the prosecuting witness (a woman) was as to some matters his client, and therefore there was as to those matters the relation between them above mentioned; but there was a variety of dealings between them running through several years, and a long unsettled and disputed account. There was conflicting evidence as to how the account stood, each party claiming a balance due; but it is clear that there was no

concealment on the part of appellant as to any of his dealings with the prosecuting witness, and we discover no evidence tending to show an intent to steal, or to convert her property clandestinely and feloniously. The specific charge in the information is that appellant embezzled a certain sum of one thousand dollars, which she had intrusted him with. Her own testimony does not support that charge; for she swears only that she left with him a certain note and mortgage for one thousand dollars, which he had not returned to her. She did not know whether or not he had collected the amount due on the mortgage. Perhaps it appears from appellant's own testimony that he had received the amount due on the mortgage; but the facts about the mortgage, as fairly resulting from that evidence, appear to be these: Appellant had a subsequent lien on the mortgaged premises, and, desiring to prevent a foreclosure, applied to the prosecuting witness to advance sufficient money to buy the mortgage; she advanced seven hundred dollars and other parties raised the balance of the one thousand dollars, and the note and mortgage were delivered to appellant either by her or with her consent. Appellant afterward loaned to or paid her some money, and also invested for her nine hundred dollars in certain land in Alameda county. She denies that appellant had authority to make said investment for her in Alameda, and there is a conflict of evidence as to the genuineness of a certain power of attorney from her to him giving such authority; but it is beyond dispute, and admitted, that he took the deed of the Alameda land in her name, that he sent the deed to her, that she retained it, and that she afterward sold the land and realized from it about eight hundred dollars. All this was done by appellant openly; and, indeed, in all his transactions with the prosecuting witness there was no attempt by him at concealment. He loaned her money at times; and he did considerable business for her as an attorney at law in various matters for which he seems not to have been paid, and for which

he claims an indebtedness from her. All these trans-
actions taken together present merely a case of disputed
mutual accounts for which a civil action is the appro-
priate remedy. They do not show that felonious intent
which is a necessary element in the crime of embezzle-
ment. Indeed, the prosecuting witness herself seems to
have understood this prosecution to be in the nature of
a civil action. She was asked, " Did you ever ask Mr.
Baggett to bring suit for the recovery of this money "?
and she replied: "I did. I don't know but this is a
suit to recover this money."

The judgment and order denying appellant's motion
for a new trial are reversed.

GAROUTTE, J., VAN FLEET, J., HARRISON, J., and
BEATTY, C. J., concurred.