[Crim. No. 237. In Bank.—February 3, 1898.]

THE PEOPLE, Respondent, v. JOHN LAPIQUE, Appellant.

CRIMINAL LAW—EMBEZZLEMENT—COMMISSIONS FOR SALE OF LODGING-HOUSE—CONSTRUCTION OF CODE.—Under section 511 of the Penal Code, which provides that, "upon any indictment for embezzlement, it is a sufficient defense that the property was appropriated openly and avowedly and under a claim of title preferred in good faith, even though such claim be untenable," a conviction for embezzlement cannot stand, where it appears that the defendant had a written contract with the owner of a lodging-house, authorizing him to sell it for a specified sum, and that he found a purchaser who paid three hundred dollars in excess of that sum, which he retained as commissions for his services, claiming the right in good faith to do so under his contract with the owner; and it is immaterial what may be the legal liability of the defendant in a civil action for the recovery of the sum of money retained by him.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

Henry E. Highton, for Appellant.

W. F. Fitzgerald, Attorney General, and C. N. Post, .Deputy Attorney General, for Respondent.

THE COURT.—The defendant has been convicted of the crime of embezzlement; and, taking the evidence in the record most strongly against him, it may be substantially summarized in a few words: Mrs. Mesple, owning a lodging-house and desiring to dispose of the same, authorized the defendant in writing to sell it for the sum of $1,150. The defendant informed one Aden that the house could be purchased for $1,450; and Aden, desiring to purchase, gave the defendant $1,450 to pay to the owner as the purchase price. Defendant paid the owner $1,150 for the house and retained the $300 to himself as commissions for his services. He is now charged with the embezzlement of this $300, the information alleging the money to be the property of Aden, and the defendant to be Aden's agent.

Whatever might be the legal liability of defendant for this money, if litigation were inaugurated for its recovery in a civil action, we are not here to decide. Indeed, it may be admitted that defendant was guilty of a piece of sharp practice. Yet sharp practice may not constitute embezzlement, and we think there is no embezzlement disclosed by this record. At the trial defendant admitted that he had retained the money, and claimed title to it. And, upon the authority of section 511 of the Penal Code, we deem his claim of title of such a character as to create a good defense to the charge of embezzlement. That section provides: "Upon any indictment for embezzlement, it is a sufficient defense that the property was appropriated openly and avowedly, and under a claim of title preferred in good faith, even though such claim is untenable." Defendant claims that by his contract with Mrs. Mesple he was entitled as commissions for his services to any sum in excess of $1,150 that he might obtain for the property. He further claims that Aden authorized him to pay $1,450 for the property; and that under such circumstances, if he was successful in securing the property for a less sum, the difference was his profit upon the transaction. Conceding these claims to be untenable in law, still we do not think the jury was justified in saying by its verdict that defendant's claim of title was not made in good faith.

The judgment and order are reversed and the cause remanded.