## STATE v. COYLE.

No. 2298. Decided June 22, 1912 (126 Pac. 305).

1. EMBEZZLEMENT—EVIDENCE—ADMISSIBILITY. In a prosecution for embezzlement, where accused defended on the ground that he had openly and notoriously appropriated the property under a claim of title, evidence that he had in good faith offered to sell the same was admissible. (Page 323.)

2. CRIMINAL LAW—EVIDENCE—SELF-SERVING DECLARATIONS. In a prosecution for embezzlement of property, where accused defended upon the ground of open and notorious appropriation under claim of title, he was competent to testify as to his offers to sell the property; such testimony not being incompetent as self-serving declarations. (Page 323.)

3. CRIMINAL LAW—APPEAL—HARMLESS ERROR. In a criminal prosecution, erroneous exclusion of evidence on behalf of defendant was harmless, where it was brought out by the state on cross-examination. (Page 324.)

4. CRIMINAL LAW—TRIAL—ARGUMENTS OF COUNSEL. In a prosecution for embezzlement of property, where accused defended on the ground of open and notorious taking under claim of title, and there was no evidence tending to show that he attempted to escape, a statement by special counsel for the state that accused was sneaking round and trying to get away was improper, and the court should have admonished the jury to disregard it. (Page 324.)

5. WITNESSES—CROSS-EXAMINATION—SCOPE. Cross-examination of a witness in a criminal trial on purely collateral matters, not touched on in the direct examination, and which have no bearing, direct or indirect, on the issue, is improper. (Page 324.)

6. WITNESSES—CONTRADICTION—COLLATERAL MATTERS. A witness cannot be impeached as to matters that are wholly collateral and tend in no way to prove any issue of fact in the case. (Page 325.)

7. CRIMINAL LAW—WITNESSES—TRIAL—CROSS-EXAMINATION—DISCRETION OF TRIAL COURT. The latitude of the cross-examination of a witness rests largely in the discretion of the trial court, whose ruling will not be disturbed unless an abuse of its discretion appears. (Page 325.)

8. CRIMINAL LAW—APPEAL—PREJUDICIAL ERROR. Where the state was allowed to cross-examine accused as to wholly collateral matters, not referred to in his direct examination, and was later permitted to call witnesses to disprove statements made by him on such cross-examination, it was an abuse of discretion constituting prejudicial error as tending to discredit accused with the jury. (Page 325.)

9. CRIMINAL LAW—ISSUES—INSTRUCTIONS. In a prosecution for embezzlement, where the evidence as to accused's open appropriation under claim of title was conflicting, accused was, under Comp. Laws 1907, sec. 4383, providing that it is a sufficient defense to an indictment for embezzlement that the property was openly appropriated under claim of title in good faith, even though such claim is untenable, entitled to an instruction to that effect. (Page 325.)

10. EMBEZZLEMENT—PROSECUTION—INSTRUCTIONS. In view of Comp. Laws 1907, sec. 4848, providing that a defendant in a criminal action shall be presumed innocent until the contrary is proved, and in case of a reasonable doubt as to his guilt he shall be acquitted, an instruction, in a prosecution for embezzlement, that if it appeared beyond a reasonable doubt that accused had the property in his possession at the time and place set forth in the information, and that he converted it openly under a claim of title preferred in good faith, he should be acquitted, though the claim of title was untenable, does not sufficiently submit the defense of conversion under claim of title; the burden being erroneously placed on accused. (Page 325.)

APPEAL from District Court, Fifth District; *Hon. Joshua Greenwood,* Judge.

J. V. Coyle was convicted of embezzlement and he appeals.

REVERSED AND REMANDED.
41 Utah 21

*O. A. Murdock* for appellant.

*A. R. Barnes,* Attorney-General, and *E. H. Ryan* for the State.

McCARTY, J.

J. V. Coyle, the defendant, was convicted in the district court of Beaver County of the crime of embezzlement as bailee of certain property of the value of about $350. The property consisted of two horses, a set of harness, and a Studebaker spring wagon. It is alleged in the information that the property belonged to one Ernest Reber, the alleged bailor of defendant. The evidence shows that the defendant, Reber, and several other parties were jointly working and developing certain mining claims in a camp called Jarloose in Beaver County. Defendant claimed that he sold Reber an interest in the mining claims for a one-half interest in the horses and harness and in a wagon, which the evidence shows, he afterwards bartered and exchanged for the wagon in question, giving five dollars of his own money "to boot" in the transaction. Coyle's defense was that he appropriated the outfit, the team, harness, and wagon, openly and avowedly, and under claim of title preferred in good faith. On October 28 or 29, 1910, defendant left Jarloose with the team, harness, and wagon mentioned and drove to his home in Beaver City. On the following day, October 30th or 31st, he left Beaver for Bluff City, San Juan County, taking with him this outfit. On his way to Bluff City he stopped a few days at Moab, Grand County, and while there he was arrested for the crime charged in the information and with the outfit was taken by the officer making the arrest back to Beaver. The defendant testified in part as follows:

"When I came to Beaver on the 28th or 29th of October, 1910, I had this team, wagon, and harness. The instructions were that I was to go to the oil fields, or somewhere, and go to work and put the team to work and send him (Reber) half of what it made. Reber told me that he was willing for

me to come on here (Beaver City) and sell the team; . . .
that he had some money, and with the money he had and
the money realized from the sale of the team . . . he
would buy Wilf. Robinson out of the property (mining
claims) in Beaver. If I could not sell the team in Beaver,
then I was to go and put it to work and leave him as foreman
of the mine. At this time he owned one-half interest in the
mine."

The question was then asked, "Did you make any offer
on the street here at that time to sell the team?" Counsel
for the state objected to this question on the ground that it
was immaterial, irrelevant, and incompetent, unless
shown to have been made in the presence of Reber,
and on the further ground that it was self-serving. The
court sustained the objection on the ground that the answer
sought to be elicited was self-serving. In connection with
the ruling the court remarked that, if the fact sought to be
proved "could be proved by others, I think it ought to be
admissible." We think the court erred in excluding this
evidence. As we have stated, the defense interposed in this
case was that the property was "appropriated openly and
avowedly and under claim of title preferred in good faith."
Therefore any act, or series of acts, of the defendant at the
time or prior to his appropriation of the property, tending
to show that he appropriated it openly and under claim of
title preferred in good faith, were admissible in evidence.
The offers openly made by him, if any were made, on the
public streets of Beaver, the town in which he resided and
was known, he was entitled to have the jury consider with
the other evidence on this point, as bearing upon the ques-
tion of his good faith in appropriating the property.

And we know of no reason why he was not just as com-
petent to testify to that fact as any other person.
While the fact that he is the defendant might affect
the weight of his testimony, it does not disqualify him
as a witness, nor does it render his testimony on this point
incompetent.

While the court erred in excluding this testimony, we are, nevertheless, of the opinion that the error, under the circumstances, was harmless. The district attorney, in his cross-examination of the defendant, had him testify that, on one occasion at least, he offered a portion of the property in question for sale in the public streets of Beaver. Our reason for referring to this assignment is that the case must be remanded for a new trial, and the error, if repeated, might not be cured, as was done in the present case.

In the course of the argument made to the court on the question just referred to, special counsel, who was assisting the district attorney in the trial of the case, stated in the presence and hearing of the jury that "the defendant was sneaking around here and trying to get away." Exception was promptly taken by defendant's counsel to these remarks. The court did not admonish the jury to disregard them, nor did it in any way disapprove them. We do not see anything in the evidence to justify the remarks, and for that reason think them improper. Because of the sharp conflict in the evidence as to the ownership of the property alleged to have been embezzled, we think the failure of the court to disapprove the remarks and admonish the jury was error.

On cross-examination the defendant was interrogated by the district attorney in regard to a bill of goods purchased by him at one of the stores in Beaver on the evening before he (defendant) left there for Bluff City. This line of cross-examination was objected to by counsel for defendant on the ground that it was not proper cross-examination. The objection was overruled, and the district attorney was permitted to continue the cross-examination on this point at great length. Later on the district attorney called witnesses for the purpose of impeaching the defendant by disproving, or attempting to disprove, some of the statements made by him on his cross-examination regarding that transaction. Timely objections were made and exceptions taken to the introduction of this evidence. The action

of the court in overruling the objections is assigned as error. The purchase of these goods had no bearing either directly or indirectly upon the questions in issue. The matter was not gone into on the examination of the defendant in chief. In fact, in his direct examination no reference whatever was made to the transaction. It was purely a collateral matter and should not have been injected into the case. Evidence introduced and admitted to prove matters that are collateral to the issues in the case tends to mislead the jury and to divert their minds from the material questions involved. .

Furthermore, the rule is elementary that a witness cannot be impeached on matters that are wholly immaterial, and which in no way tend to prove any issue of fact in the case.

We recognize the general and well-established rule that the latitude that may be allowed in the cross-examination of a witness is largely within the discretion of the trial court, and unless it manifestly appears that this discretion has been abused, its rulings in that regard will not be disturbed.

And were it not for the fact that the state was allowed to introduce testimony tending to impeach the defendant on the immaterial and wholly irrelevant matter brought out on his cross-examination, we would not hold that the court abused its discretion. The tendency of this impeaching testimony, and no doubt the purpose for which it was introduced, was to belittle and to discredit the defendant with the jury, and was therefore prejudicial error.

As we have stated, there was a sharp conflict in the evidence relating to the ownership of the property claimed to have been embezzled. Comp. Laws 1907, section 4383, provides that, "upon an indictment for embezzlement, it is a sufficient defense that the property was appropriated openly, avowedly and under claim of title preferred in good faith, even though such claim is untenable." The defendant tendered and asked the court to give an instruction that was substantially in the language of the statute. The

court refused to give the instruction as requested, but charged the jury as follows:

"No. 6. I instruct you that, if you should believe beyond a reasonable doubt that the defendant did have the said property in his possession at the time and place as set out in the information, that he converted the same to his own use, but that the said property was so converted and appropriated openly and avowedly and under a claim of title preferred in good faith, even though such claim is untenable, your verdict should be not guilty."

The defendant excepted to the refusal of the court to charge the jury as requested, and now assigns the action of the court in that regard as error. The requested instruction, or its equivalent, should have been given. Counsel for the state, however, insists that the principle of law applicable to the claim of title made by the defendant, and relied on by him as a defense, is contained in the court's instruction No. 6 above set forth. We do not agree with counsel. The court, by giving that instruction, injected an element into this kind of a defense not contained in nor contemplated by the statute. The court, by giving that instruction, in effect told the jury that it is a sufficient defense *if they believe beyond a reasonable doubt* that "the property was appropriated openly," etc. It requires no argument or citation of authority to show that this is not the law, because in no criminal case is the defendant required to establish his defense beyond a reasonable doubt. If his defense creates a reasonable doubt in the minds of the jury of his guilt, he is entitled to an acquittal. Comp. Laws 1907, section 4848, in keeping with this universal rule, provides that "a defendant in a criminal action shall be presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he shall be entitled to an acquittal."

For the reasons herein stated the judgment is reversed, and the cause remanded to the district court of Beaver County with directions to grant a new trial.

FRICK, C. J., and STRAUP, J., concur.