(No. 4911.  April 17, 1928.)

STATE, Respondent, v. E. C. WHITE, Appellant.

[266 Pac. 415.]

Roy L. Black, for Appellant.

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

BAKER, District Judge.—By an information containing two counts, the defendant was accused and upon trial was convicted of the crime of embezzlement. He has appealed from the judgment entered and from the order denying his motion for new trial.

Many assignments of error are made but only those deemed necessary to the ultimate disposition of the cause will be noticed or considered.

The substance of the first count is that on or about March 28, 1925, the defendant agreed with A. T. Sahlberg to obtain for him and his wife a loan of the sum of $4,000

by assigning to some person the defendant might find, who would be willing to loan that sum, a note and mortgage to be executed by the Sahlbergs to the defendant. The performance of the agreement by the Sahlbergs by the execution and delivery of the note and mortgage, the assignment of the same by the defendant, and the receipt by him of the sum of $4,000 are alleged. This count states that the Sahlbergs were then building a dwelling-house and it was agreed between them and the defendant that the latter would hold the money, or a part of it, until the completion of the house; that the defendant paid $2,000 on March 31, 1925, but has not only not paid the balance, notwithstanding the completion of the dwelling-house on June 25, 1925, to the defendant's knowledge, but, on or about said date embezzled the balance amounting to the sum of $2,000.

The second count of the information, alleged by the prosecuting attorney to be a statement, in different form of the same offense as charged in the first count, is to the effect that the defendant agreed with the Sahlbergs that he himself would loan them the sum of $4,000, payment of which was to be secured by mortgage. That the Sahlbergs fully performed by executing and delivering to the defendant their note and mortgage in his favor is also alleged. From these facts the prosecuting attorney concludes that the defendant "thereupon . . . . held the said sum of $4,000 in trust for the said A. T. Sahlberg" and his wife. It is alleged that the defendant paid the sum of $2,000 and "agreed . . . . that he would hold the said balance of $2,000 and would pay the same . . . . when the house . . . . was completed." From these allegations the prosecuting attorney further concludes that the sum of $2,000 became and was the property of the said Sahlberg and wife and the defendant had no interest therein other than the right to hold the same in trust for them. The completion of the dwelling-house, to the knowledge of the defendant, the nonpayment of the balance and the embezzlement thereof by the defendant are alleged.

Defendant demurred to each count upon the ground, among others, that it failed to charge a public offense.

Each count must be sufficient in itself and tested as though it stood alone and charged a distinct offense. (31 C. J. 742.)

As to the first count, the defendant insists that the failure to allege demand for the payment of the sum he is accused of embezzling is fatal. A demand for payment is not an element of the offense. Demand and nonpayment, when proven, are merely evidences of embezzlement—only matters to be considered in determining whether there has been a wrongful and fraudulent appropriation. (10 Cal. Jur. 259, 265; 20 C. J. 474; 9 R. C. L. 1292; *People v. Gordon*, 133 Cal. 328, 85 Am. St. 174, 65 Pac. 746; *People v. Van Ewan*, 111 Cal. 144, 43 Pac. 520; *Territory v. Munroe*, 10 Ariz. 53, 85 Pac. 651.)

Defendant's position is that the second count is insufficient in that it fails to disclose the existence between him and the Sahlbergs of that fiduciary relation necessary to constitute the crime of embezzlement but charges the existence of the relation of debtor and creditor only. The substance of the second count has been given.

The crime of embezzlement involves, among other things, the following: (1) The existence of fiduciary relations between the accused and the person injured of the character mentioned in the statute; and (2) the receipt or acquisition by the accused of the property of another by reason of that fiduciary relation.

Under the facts pleaded in the second count, the defendant was either a trustee for the Sahlbergs and therefore properly prosecuted under C. S., sec. 8453, or he was their debtor and not subject to prosecution for his failure to pay. The relation of debtor and creditor is not fiduciary. A debtor is not a trustee for his creditor. (20 C. J. 422; 9 R. C. L. 1274; *United States v. Mason*, 218 U. S. 517, 31 Sup. Ct. 28, 54 L. ed. 1133; *Simpson v. People*, 47 Colo. 612, 108 Pac. 169.) Whether the contract set out in the second count was an agreement on the part

of the defendant to loan the sum of $4,000 to the Sahlbergs, or was, as the trial court said in Instruction No. 1, an "agreement . . . . that defendant himself would buy the note and mortgage," is of no particular consequence so far as the resulting relationship is concerned. That the defendant agreed to buy from the Sahlbergs their note instead of the note of a third person does not make him a trustee instead of a debtor. The transaction pleaded made him Sahlbergs' debtor, nothing more. It imposed upon him only the obligation of paying a sum equal to the balance of the purchase price or the balance of the loan. In the absence of further facts his failure to make payment does not make him guilty of embezzlement and such failure to pay cannot be distinguished from the failure of any other debtor to pay at the time agreed upon.

The only other matter pleaded in the second count, in addition to the conclusion "that the said sum of $2,000 on or prior to the said 31st day of March, 1925, became and was the property of the said A. T. Sahlberg . . . . and he, the said E. C. White, has no interest therein, save and except the right to hold the same in trust for the said A. T. Sahlberg, . . . . for the purposes aforesaid," is the allegation that the defendant "agreed . . . . that he would hold the balance of $2,000 and would pay the same to the said A. T. Sahlberg . . . . when the house . . . . was completed." Assuming the latter allegation is one of fact, the second count fails to show either that the property was "intrusted" to the defendant as required by C. S., sec. 8450, or that the sum which the defendant is accused of having embezzled was the property of the Sahlbergs. Under the facts pleaded it is certain that no money, the property of the Sahlbergs, actually came into the possession of the defendant either from them or from a third person. No sum of $2,000 was set aside for the Sahlbergs; no specific fund from which the $2,000 should be paid was agreed upon or impressed with a trust for its payment; no right of the Sahlbergs to have their claim paid from any particular sum was asserted. If the payment of

the balance of the purchase price had been immediately payable, it could not be said the Sahlbergs could have successfully claimed a title to or ownership in any particular fund. They had acquired a title to no fund or property. Their civil remedies would have been limited to the recovery of a personal judgment against White and in such action it would not have been decreed that the contracts and facts here pleaded entitled them to payment from a specific sum. Defendant's agreement that he would hold the balance in trust for them did not pass the title to any property to them or lessen his ownership in any particular fund. If the defendant had agreed to make payment from a certain fund, the case of *People v. Holder,* 53 Cal. App. 45, 199 Pac. 832, is authority for the statement that he would not even then be guilty of embezzlement for the property remained his own notwithstanding his promise.

The second count of the information failed to show either a fiduciary relationship, the ownership in the Sahlbergs of specific property, or that such property came into the hands of the defendant by virtue of his office or employment, all necessary to the offense of embezzlement. The demurrer to the second count should have been sustained upon the ground of the insufficiency of the facts pleaded in that count.

The theory of the prosecution that defendant could be convicted of embezzlement upon proof of facts alleged in the second count was approved by some of the instruction given to the jury, and the error of the trial judge who overruled the demurrer was thus continued. In instruction No. 1, the trial court, after giving the substance of the first count, said that the second count was to all intents and purposes the same and differed from the first count only in respect to the nature of the agreement made with the defendant regarding the source of the loan, the "first count alleging . . . . that defendant should obtain the money from another by selling the note and mortgage, and the second count alleging . . . . that defendant himself

would buy the note and mortgage.'' The jury under this instruction were in effect advised that a fiduciary relation was created between the defendant and the Sahlbergs by the agreement of the former to purchase the note and mortgage. The jury may have found the facts to be as alleged in the second count.

The prosecuting witness testified, among other things, that the agreement with the defendant was in substance as alleged in the first count, that is, that the defendant, for a commission of two per cent, was to procure a loan from a third person, to be found by the defendant, on the note and mortgage to be executed in defendant's favor; that at the time the note and mortgage were signed in the office of the defendant, Mr. Seyboldt, to whom the note and mortgage were immediately transferred, was in the office and gave the defendant his check and that the defendant immediately gave to Sahlberg his check for $2,000; that the balance was not paid at the time agreed upon or at all, though demand for payment had repeatedly been made. The defendant's business was placed in the hands of a receiver early in July.

The defendant's position at the trial was that he agreed to make the complaining witness a loan from his own funds; that he never agreed to obtain a loan for the prosecuting witness and that the relation between him and the Sahlbergs was that of debtor and creditor only; that the commission charge was made in accordance with his custom; that while the mortgage was assigned to Ferd Seyboldt it was not assigned until after the first payment had been made to the Sahlbergs and that the transfer or assignment of the mortgage had no connection with the transaction with the complaining witness.

The state offered evidence to the effect that the defendant was in an embarrassed financial condition at the time the note and mortgage were executed. The defendant assigns as error the refusal of the court to strike this evidence. We fail to see why such testimony was not material or

admissible. It is corroborative of the position of the Sahl-
bergs. The fact that the defendant was experiencing diffi-
culty in meeting his obligations and in making payment
of protested checks and that his bank account was fre-
quently overdrawn were matters the jury might properly
consider in determining whether the agreement was that
the defendant was to loan his own money or was to act
as the agent of the Sahlbergs in obtaining the loan for
them.

The defendant assigns as error the refusal of
the court to give his requested instruction No. 17 in these
words:

''If you find from the evidence that the defendant White
accepted the note and mortgage from the Sahlbergs made
payable to White and advanced to the said Sahlbergs $2000
of his money therefor and that this loan to the Sahlbergs
was simply a loan from White to Sahlbergs without any
other agreement and without any agreement that White
was to obtain money thereon and hold the same for Sahl-
bergs, then the court instructs you there was no agreement
or trust relation established but only the relation of debtor
and creditor between White and the Sahlbergs and your
verdict should be 'Not Guilty.' ''

The court, however, gave the defendant's requested in-
struction No. 9, to the effect that if the jury had a reason-
able doubt whether the relation of debtor and creditor
existed between the Sahlbergs and the defendant at the
time of the appropriation, a verdict of not guilty should
be returned.

The refusal of the court to give requested instruction
No. 17 was erroneous. This requested instruction was a fair
statement of defendant's theory of the transaction. There
was testimony supporting it and, if believed by the jury,
would have required a verdict of not guilty. The defend-
ant is entitled to have his theory of the transaction properly
placed before the jury by instructions. (*State v. Moultrie,*
43 Ida. 766, 254 Pac. 520.) The giving of defendant's

requested instruction No. 9 was not sufficient. The jury were not advised what facts would create the relation of debtor and creditor. They were not told that if the transaction between the defendant and the Sahlbergs was only that the former agreed to loan to the latter the sum of $4,000, the relation between them would be debtor and creditor as to the unpaid portion. The presence of the second count made this requested instruction peculiarly proper.

The defendant in his requested instruction No. 4 asked the court to inform the jury that if they had a reasonable doubt as to whether the property was appropriated openly and avowedly and under a claim of title preferred in good faith, though untenable, a verdict of not guilty should be returned. By his requested instruction No. 8, he asked the court to inform the jury that if they had a reasonable doubt as to whether the defendant appropriated the funds within the scope of his authority, a verdict of not guilty should be returned. These instructions were refused. A reasonable doubt as to whether the defendant openly and avowedly and under claim of title preferred in good faith appropriated the property entitled him to an acquittal. (*State v. Coyle*, 41 Utah, 320, 126 Pac. 305; *State v. Ward*, 96 Wash. 550, 165 Pac. 794; *People v. Lapique*, 120 Cal. 25, 52 Pac. 40.) A reasonable doubt as to whether the appropriation was within the scope of his authority would require a like verdict.

The court repeatedly instructed the jury as to the degree of certainty with which the state must prove its case, but by no instruction did the court say that the defendant was not required to prove defenses with that same degree of certainty. Since no rule was given to the jury by which the sufficiency of the defendant's evidence in support of his defenses could be tested, these requested instructions should have been given.

Defendant complains of other errors in giving and refusing to give other instructions. We have examined all

instructions given and requested instructions not given, but find no other errors.

The judgment is reversed and a new trial ordered.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.

Givens, J., dissents.

Budge, J., disqualified.