PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* SERGIO PLATA, Defendant and Appellant.

No. 3444.   Argued April 10, 1928.—Decided April 26, 1928.

*Guillermo S. Pierluisi, Agustín E. Font* and *R. Antiles Moreu* for the appellant.  *José E. Figueras* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Sergio Plata and Jaime Alvarez del Manzano were charged jointly with the crime of burglary in the first degree in that on February 13, 1926, they wilfully and maliciously entered during the night the commercial establishment of

Moscoso Brothers in Ponce with the intention to commit theft or larceny and stole fountain pens worth between 700 and 800 dollars and some money.

The People of Porto Rico, by the district attorney of Ponce, moved and obtained a dismissal of the cause against Jaime Alvarez del Manzano and made him a witness for the prosecution at the trial against Sergio Plata, who was convicted by a jury of the offense charged and sentenced by the court to ten years in the penitentiary. He took this appeal and the *Fiscal* of the Supreme Court has moved for a reversal of the judgment.

In its instructions to the jury the court said: "The accused in the present case has not testified, but you must not consider this fact even as a presumption of guilt. The accused, seated in that chair, has in his favor the presumption of innocence. When I shall have finished the instructions and the marshal has taken the usual oath and you have retired for deliberation, then the presumption of innocence in favor of this accused disappears because it is then that you may consider whether or not the accused is really and truly guilty of the offense charged." The attorney for defendant Plata took an exception to that instruction.

That instruction is erroneous. The presumption of innocence does not disappear when the jury retire to deliberate after the instructions are given. It continues during the deliberation and until a verdict of guilty is found. This was held recently in the case of *People* v. *Negrón,* 37 P.R.R. 765, in considering a similar instruction, and it was so held in the cases of *People* v. *McNamara,* 94 Cal. 514, and *People* v. *O'Brien,* 106 Cal. 104. The attorney for the defendant called the attention of the court to the error in that instruction and took an exception thereto, but the court did not take advantage of that opportunity to rectify it. We believe that the district attorney also should have called the attention of the court to it so as to avoid a reversal of the judgment for that reason and the holding of a new trial with added

expenses on The People of Porto Rico and the consequent delay in the administration of justice, for we would reverse the judgment and order a new trial but for the fact that the appellant should be acquitted, as we shall see.

The only evidence presented at the trial was that of the district attorney and its examination convinces us that the jury committed manifest error in weighing it and basing on it a verdict of guilty, for there is nothing in it to show the guilt of defendant Plata as principal or accomplice in the crime. A man may have committed many crimes, but this does not prevent that each subsequent charge must be proved beyond all reasonable doubt. His previous bad conduct and mere suspicions are not sufficient to support a verdict of guilty against him.

In this case it was shown that burglary had been committed in the drugstore of Moscoso Brothers during the night and that in order to enter a door of the drugstore on a backyard was broken open with a tool which left its marks thereon; but none of the witnesses for the prosecution said anything leading to a conclusion that the defendant committed that burglary, or aided, abetted, advised or instigated its commission, or that knowing of its commission, he had hidden, sheltered or protected the person accused or convicted thereof, for not only did he always deny having had any participation in that crime, but on the contrary he gave information to the police that Jaime Alvarez del Manzano had committed the crime; that in the house next to the drugstore a sister of Alvarez del Manzano lived at that time; that it was easy to pass to the yard of the drugstore from the yard of that house; that prior to the burglary Alvarez del Manzano had a leaf cut from an automobile spring, and that at dawn of the day of the burglary Alvarez del Manzano used a carriage and left in it a key-ring. These items of information about the automobile spring, the home of Manzano's sister, the yards of the houses and the key-ring in the carriage were found to be true. Alvarez del Manzano, who was accused

with the appellant and later made a witness for The People of Porto Rico, testified only that at 2 or 3 a.m. of the said day he saw Sergio Plata come out of an entrance to the drugstore on the back street carrying a bundle; that he tried to hurry but he had already been seen, he went down the street; that the witness went on unconcernedly; that Plata was holding a handkerchief with a coin which he gave him and went away, and that Plata threatened him on being discovered. This is all of the testimony of that witness, but it was shown that Sergio Plata was never seen in the drugstore; that Alvarez del Manzano went to it frequently and passed into the yard; that he used occasionally to lunch and dine at the home of his sister; that it was he who ordered the spring leaf to be cut and that he told the boy who took it to be cut to say that Plata was present at that moment and this was not true. The testimony of Alvarez del Manzano, even if believed, is not sufficient to lead to the conclusion that the appellant committed the burglary and was not corroborated in any way as required by section 253 of the Code of Criminal Procedure.

The judgment appealed from must be reversed and another rendered acquitting the appellant.