BURCH, J.
 

 Defendant sold a used car to Mr. and Mrs. William J. Barrett on December 26, 1955. The car was duly delivered with temporary license plates attached. Defendant undertook to and did get from the Department of Motor Vehicles for the Barretts, as part of the transaction, a set of license plates. Also as part of the transaction, in partial payment of the consideration, the defendant held a check of the Barretts upon the Bank of America for $55.92. At the time the defendant had the license plates in his possession, and before he had delivered them to the Barretts, he discovered
 
 *Supp. 838
 
 that the Barretts’ check for $55.92 was nonnegotiable for want of sufficient funds in the bank. Thereupon, defendant refused delivery of the license plates. A criminal complaint was filed against him on February 10, 1956, by which he was charged with the crime of misdemeanor on the 31st day of January, 1956, in that he “did as an agent or person entrusted with and having in his control property for the use of another person, fraudulently appropriate it to a use and purpose not in due and lawful execution of his trust, in violation of California Penal Code Section 506.” After the filing of this complaint, the defendant succeeded in cashing the check for $55.92. Trial was had before the court, after defendant waived the rights to jury and to representation by counsel. He was found guilty of the charge of petty theft (embezzlement).
 

 One of the defendant’s stated grounds upon appeal is that the evidence, as shown in the settled statement and documents used as exhibits, is insufficient to support a conviction on the charge of embezzlement.
 

 The transaction between the defendant and the Barretts is set forth in a document entitled “Used Car Purchase Order,” which document is duly signed by Mr. Barrett, as purchaser, and accepted by the defendant, dated December 26,1955. In this contract the parties provided: “Purchaser also agrees that no agreements, verbal or otherwise, not contained herein will be recognized unless in writing, ...” The contract further stipulated that “title to said automobile shall remain in seller’s possession and shall not pass to purchaser until all the terms hereof have been complied with by purchaser.”
 

 The settled statement on appeal does, in fact, show a conflict of the oral testimony at the trial. But in our view the conflict is not material to the charge of embezzlement under the circumstances of this case. In testing the sufficiency of evidence to support a conviction for embezzlement, “. . . it must at least be shown, first, that the accused was the agent or bailee of the prosecuting witness in holding the alleged embezzled property; second, the property must actually belong to the alleged principal, the prosecuting witness; third, it must be lawfully in the possession of the accused at the time of the alleged embezzlement; fourth, the accused must have been guilty of the conversion which the statute denounces; and fifth, there must be shown an intent on the part of the accused to deprive the prosecuting witness of his property
 
 *Supp. 839
 
 unlawfully. ’ ’
 
 (People
 
 v.
 
 Borchers,
 
 199 Cal. 52, 56 [247 P. 1084].)
 

 Section 511 of the Penal Code provides:
 

 “Upon any indictment for embezzlement, it is a sufficient defense that the property was appropriated openly and avowedly, and under a claim of title preferred in good faith, even though such claim is untenable. But this provision does not excuse the unlawful retention of the property of another to offset or pay demands held against him. ’ ’
 

 A defense under this section requires more than a showing that the property was appropriated openly and avowedly.
 
 (People
 
 v.
 
 Talbot,
 
 220 Cal. 3 [28 P.2d 1057].) Whether a claim of title is preferred in good faith under the statute does not depend upon whether the claimant entertained the mere belief that he was acting legally.
 
 (People
 
 v.
 
 Holmes,
 
 13 Cal.App. 212 [109 P. 489];
 
 People
 
 v.
 
 Hill,
 
 2 Cal.App.2d 141 [37 P.2d 849].) However, the sufficiency of the evidence does not depend upon the validity of the claim, so long as the circumstances are indicative of good faith.
 
 (People
 
 v.
 
 Ephraim,
 
 77 Cal.App. 29, 35, 36 [245 P. 769];
 
 People
 
 v.
 
 LaPique,
 
 120 Cal. 25, 26 [52 P. 40].) Moreover, it was incumbent upon the prosecution to prove that the relation of employee or agent existed at the time the defendant refused to deliver the license plates. The problem here is whether there is any evidence which would permit the trial court to draw the inference of fraudulent intent from the admitted fact that the license plates had value and had initially been procured by the defendant for the use and purposes of the automobile in process of sale to the prosecuting witness. As stated in
 
 People
 
 v.
 
 Talbot,
 
 220 Cal. 3, 13 [28 P.2d 1057] : “Fraudulent intent is an essential element of the offense of embezzlement.”
 

 We find here no evidence of concealment or felonious intent, or any act upon the part of the defendant which was injurious to a right of the purchaser or by which any undue advantage was taken of him. There is nothing in the transaction which affords ground for a finding of fraudulent intent. (See
 
 People
 
 v.
 
 O’Brien,
 
 106 Cal. 104 [39 P. 325], and
 
 People
 
 v.
 
 Talbot, supra.)
 
 The settled statement discloses evidence about a dispute over the check, all extraneous to the signed contract. The defendant’s conduct must be judged in the light of the contract.
 
 (People,
 
 v.
 
 O’Brien, supra.)
 
 So judged, it evidences entire good faith. The contract permits no modifications except it be contained in writing. In this respect, there
 
 *Supp. 840
 
 is no ambiguity or uncertainty. From the moment that the prosecuting witness breached his obligation, defendant was free of any duty of performance on his part thereunder, which included the matter of the license plates. Any contemplated agency ceased, as did any property right of the prosecuting witness to the license plates.
 

 The judgment is reversed.
 

 Turrentine, P. J., and Glen, J., concurred.