[No. 20861.   In Bank. — January 27, 1892.]

93  111
95  429
93  111
132 332

## THE PEOPLE, RESPONDENT, *v.* JACK PHELAN, APPELLANT.

CRIMINAL LAW — BURGLARY — CRIMINAL INTENT — EVIDENCE OF INTOXI-
CATION — INSTRUCTION — DEGREE OF CRIME. — The intent with which a building is entered being a necessary element to constitute the crime of burglary, it is proper for the jury to take into consideration the fact that the accused was intoxicated at the time, in determining the intent with which he committed the act, and an instruction to the jury to the effect that they could not consider such evidence for any other purpose than that of determining the degree of the crime is prejudicially erroneous, there being no question as to the degree of the crime, the evidence showing without conflict that the building was entered in the night-time.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Smith & Murasky*, and *Louis E. Phillips*, for Appellant.

*Attorney-General Hart*, and *Deputy Attorney-General Sanders*, for Respondent.

SHARPSTEIN, J.    Appellant and two other persons were accused by information of feloniously and burglariously entering a building, with the felonious intent of committing larceny therein.    The defendants pleaded not guilty, and two of them demanded separate trials; and appellant was tried separately, and the jury found him guilty of burglary in the first degree.    He moved for a new trial, which was denied, and from the order denying his motion for a new trial, and from the judgment, he appeals to this court.

The main contention of appellant here is, that the court erred in giving the following instruction to the jury: "As to intoxication, I charge you that voluntary intoxication or drunkenness is no excuse for the commission of a crime.    Intoxication is only permitted to be given in evidence for the purpose of throwing light upon the intent, motive, or purpose which the person may have had in doing the act complained of.    *Evidence of drunkenness can only be considered by the jury for the purpose of determining the degree of the crime, and for this purpose it must be received with great caution.*"

The portion which we have Italicized is repugnant to what precedes it, and likewise repugnant to section 22 of the Penal Code, which reads as follows: "No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition.    But whenever the actual existence of any purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive, or intent with which he committed the act."

Entering a building with intent to commit grand or petit larceny, or any felony, constitutes burglary. (Pen. Code, sec. 459.) The intent with which a building is entered is a necessary element to constitute a particular species of crime, viz., the crime of burglary. Therefore the jury might have taken into consideration the fact, if such were the fact, that the accused was intoxicated at the time he entered the building, in determining the purpose, motive, or intent with which he committed the act. The jury, however, were instructed that the evidence of drunkenness in this case could only be considered by the jury for the purpose of determining the degree of the crime, about which there was no question, all the evidence, without conflict, being that the building was entered in the night-time.

We are not at liberty to speculate as to what the verdict might have been if a proper instead of an erroneous instruction had been given. As given, the instruction withdrew from the consideration of the jury evidence which the code says a jury may consider in determining the intent with which an act is committed.

The evidence in this case tends to prove that appellant, before and at the time he entered the building, was intoxicated. Whether he was intoxicated to such a degree as to render him incapable of forming or entertaining an intent to commit grand or petit larceny, or any felony, in the building was exclusively for the determination of the jury.

The instruction that the jury could not consider that evidence for any other purpose than that of determining the degree of the crime is clearly erroneous, and for that error the judgment appealed from must be reversed.

Judgment and order reversed, and cause remanded for a new trial.

PATERSON, J., McFARLAND, J., DE HAVEN, J., GAROUTTE, J., HARRISON, J., and BEATTY, C. J., concurred.