(March 12, 1913.)

## STATE, Respondent, v. EMIL CARLSON, Appellant.

[130 Pac. 463.]

PRELIMINARY EXAMINATION—EVIDENCE—CERTIFICATION.

1. By the provisions of sec. 7576, Rev. Codes, as amended by the act of March 3, 1909, Laws of 1909, p. 146, two methods are provided governing the taking of testimony at a preliminary examination: First, when the evidence is taken in writing, the same must be signed and sworn to by the witness, and the evidence must also be signed and certified by the magistrate; second, when the evidence is taken by a duly appointed stenographer in shorthand at the request of the prosecuting attorney, it must be transcribed and certified to as true and correct by such stenographer.

2. The provision of sec. 7576, Rev. Codes, as amended by Laws of 1909, p. 146, is mandatory in requiring that the evidence taken at a preliminary examination shall be in writing and subscribed by the witness, or taken by a stenographer appointed as provided in said section, and certified to by the stenographer.

3. Under the provisions of sec. 7576, the evidence of witnesses at a preliminary examination, if taken in writing must be certified by the magistrate, but where such evidence is taken by a stenographer and transcribed and certified by such stenographer, the certificate of the magistrate to the testimony becomes unnecessary; the certificate of the stenographer takes the place of the certificate of the magistrate as to the correctness of the evidence.

APPEAL from the District Court of the Ninth Judicial District for Bonneville County. Hon. James G. Gwinn, Judge.

A prosecution for maintaining a common nuisance. Judgment of conviction. *Affirmed.*

J. Ed. Smith, for Appellant.

The magistrate committed the defendant to the custody of the sheriff, without the existence of any deposition or depositions, either written or transcribed, which were or could have been signed or certified by the magistrate, at the time he committed the defendant, nor that could have filled the requirements of the provisions of secs. 7571 or 7576, Rev. Codes, nor of sec. 2 of the act creating county stenographers, Sess. Laws 1909, p. 146, amending subsec. 4 thereof, as to reading to and signing by the witness, but leaving the other four mandates of sec. 7576 still in force and mandatory. (*State v. Braithwaite,* 3 Ida. 119, 27 Pac. 731; *Kalloch v. Superior Court,* 56 Cal. 229; *People v. Evans,* 72 Mich. 367, 40 N. W. 473; *People v. Carty,* 77 Cal. 213, 19 Pac. 490; *People v. Buckley,* 143 Cal. 375, 77 Pac. 169.)

The provisions of sec. 7576, Rev. Codes, as to the holding of examination, and the taking of testimony and certifying the same by the magistrate, should be substantially complied with, and after all the evidence has been taken, then the magistrate under the statute, is required to make a final certificate, certifying that the requirements of this section of the statute have been complied with. (*State v. Yturaspe,* 22 Ida. 360, 125 Pac. 802.)

D. C. McDougall, Attorney General, O. M. Van Duyn and J. H. Peterson, Assistants, for Respondent.

Technical errors are insufficient unless actual prejudice to some substantial right of defendant exists. Defendant does not contend that he has been injured in any substantial right. (*State v. Clark*, 4 Ida. 7, 35 Pac. 710.)

STEWART, J.—A complaint was filed against the appellant in the probate court of Bonneville county, charging him with the crime of maintaining a common nuisance in Idaho Falls, contrary to the provisions of sec. 8 of the search and seizure act as found in Sess. Laws of 1911, p. 30. On January 11, 1912, a preliminary examination was held before the probate judge of said county. At the preliminary examination a stenographer was present, who was appointed by the board of county commissioners under the provisions of an act approved March 3, 1909, Laws of 1909, p. 146, and such stenographer took and transcribed the testimony of the witnesses in said examination, and after transcribing the shorthand notes certified to the same as follows:

"I, Della Lundgren, do hereby certify that I am the duly appointed, qualified and acting reporter for Bonneville county; that I reported the evidence and proceedings had at the hearing in the above entitled action in shorthand; that the above and foregoing is a true and correct transcript of the evidence given at said hearing, and that the same was transcribed from the shorthand notes, and taken by me at said hearing.                    DELLA E. LUNDGREN."

Upon the conclusion of the preliminary examination the probate judge made an order as follows: "This matter coming on for hearing this 11th day of January, 1912, and after listening to the evidence adduced on the part of the state and the evidence adduced on the part of defendant, and it appearing to me that the offense of maintaining a common nuisance in the City of Idaho Falls, County of Bonneville, State of Idaho, has been committed, and that there is sufficient cause to believe the within named Emil Carlson guilty thereof, I

order that he be held to answer the same to the district court of the Ninth Judicial District in and for the county of Bonneville, State of Idaho, and that he be admitted to bail in the sum of $500.00, and committed to the sheriff of the county of Bonneville, State of Idaho, until he gives such bail.''

On January 26, 1912, the docket entry committing the defendant to the district court was filed in the district court, together with the transcript of the evidence at said preliminary examination. Upon that day the prosecuting attorney filed an information in the district court charging the defendant with maintaining a common nuisance; on January 27, 1912, the defendant before pleading to the information filed a motion to quash the information upon the grounds that the court had no jurisdiction to try the cause, for the reasons that previous to the filing of the information the defendant had not been committed by any magistrate having jurisdiction or authority to commit him, and that the commitment was procured contrary to the provisions of sec. 8, art. 1 of the constitution of Idaho and sec. 7576, Rev. Codes. This motion was overruled, and an exception was taken by the defendant and the ruling of the court is assigned as error.

On February 27, 1912, the defendant pleaded not guilty to the information. The defendant was tried before a jury and a verdict of guilty was found by the jury on June 5, 1912. On June 11, 1912, the defendant filed a motion in arrest of judgment on the grounds that the court had no jurisdiction to try the defendant, for the reason that the law had not been complied with in the arrest and preliminary examination in the probate court. This motion was overruled. The defendant excepted and the ruling of the court is assigned as error. No demurrer to the information was at any time filed. This appeal is from the judgment.

The grounds assigned for reversal are: First, that the magistrate had no authority to commit the defendant to the custody of the sheriff without a written or transcribed deposition or depositions in existence; second, that his commitment was procured in an unlawful manner; third, that the trial court had no jurisdiction to try the defendant after motion to quash

was filed; fourth, that the motion in arrest of judgment was wrongfully denied and should have been sustained.

The foregoing grounds will be considered together inasmuch as the contention rests wholly upon the question whether, upon the preliminary examination, the evidence can be taken by a stenographer and certified to by such stenographer as true and correct, and whether such certificate is proof of the correctness of said depositions, and whether the reading of the same to the witness and the signing of the same by the witness can be dispensed with by legislative enactment.

Sec. 7576, Rev. Codes, provides: "In all cases which must afterward be investigated by the grand jury, or prosecuted by information, the examination must be taken, unless the person charged . . . . shall waive his right . . . . and the testimony must be reduced to writing by the magistrate, or under his direction, and authenticated in one of the following forms: . . . . 4. The evidence, if taken by a stenographer in shorthand, shall be transcribed by the stenographer and certified to as true and correct; if taken in writing it must be subscribed and sworn to by the witness, or if he refuses to sign it, his reason for refusing must be stated in writing as he gives it. 5. It must be signed and certified by the magistrate."

It would seem from the provisions of this section, when taken as a whole, it was the intention of the legislature in enacting the same to require that the testimony must be reduced to writing by the magistrate or under his direction, and that each witness is required to subscribe his name to the evidence and swear to the same, if taken in writing; but if taken by a stenographer in shorthand, the statute does not require that the evidence shall be subscribed to by the witness or sworn to by the witness, but the stenographer is required to certify the same as true and correct. This section was a legislative enactment; it was modified to a certain extent by the act of March 3, 1909, Laws of 1909, p. 146, and the legislature provided that the board of county commissioners were authorized to employ a stenographer and that the stenographer should be under the control and direction of the prosecuting attorney, and that the stenographer so appointed should be required to

be present at preliminary examinations, and when requested by the prosecuting attorney to take and subscribe the testimony of the witnesses in said examination and to certify the same as true and correct, which said certificate should be sufficient proof of the correctness of said depositions. The reading of the same by or to the witnesses and the signing of the same by the witnesses were dispensed with.

Sec. 7576, Rev. Codes, and the modification thereof by the act of March 3, 1909, Laws of 1909, p. 146, when considered together, provide two methods which govern the taking of testimony at a preliminary examination: First, the evidence, if taken in writing, must be signed and sworn to by the witness; second, if a duly employed stenographer at the request of the prosecuting attorney takes the evidence in shorthand and transcribes the same and certifies that the same is true and correct, the reading of the same to or by the witness and the signing of the same are dispensed with. Either of these methods may be pursued; the statute is mandatory, and either one or the other must be followed in taking the testimony in a preliminary examination.

By the provisions of the foregoing statute, the evidence of witnesses at a preliminary examination, if taken in writing, must be certified by the magistrate, but where such evidence is taken by a stenographer and transcribed and certified to by such stenographer, the certificate of the magistrate to the evidence becomes unnecessary; the certificate of the stenographer takes the place of the certificate of the magistrate as to the correctness of the evidence. The evidence so certified and the record of the magistrate and the commitment is the record upon which the prosecuting attorney is authorized to file an information and the record upon which a grand jury may make an inquiry.

In the present case we find that the law has been fully complied with, and that the defendant had a preliminary examination as provided by law. For these reasons the judgment is *affirmed.*

Sullivan, J., concurs.

AILSHIE, C. J., Dissenting in Part and Concurring in Judgment.—Under subd. 5 of sec. 7576, Rev. Codes, the committing magistrate should sign and certify the evidence taken before him, whether it be taken in writing and signed by the witness or in shorthand and transcribed by the stenographer who acts as reporter. Subd. 5 applies to all cases and makes no distinction. If there were room for doubt as to this view, sections 7578 and 7579 should set the matter at rest. I do not think, however, that the judgment in this case should be reversed, as the case comes to this court. It is very evident that the error of the committing magistrate has not been prejudicial or detrimental to the appellant.