(August 4, 1925.)

## STATE, Respondent, v. ART WEIR, Appellant.

### [238 Pac. 1029.]

MOTION TO QUASH—PRELIMINARY EXAMINATION—CERTIFICATE TO DEPOSITIONS.

A motion to quash an information on the ground that depositions taken at the preliminary examination were not certified to by the county stenographer is properly denied where it appeared that the person who made the certificate had theretofore been appointed under the name of Minnie Wiberg but had subsequently married and signed the certificate as Mrs. Hugh Kenworthy.

Publisher's Note.

1. Correct name of married woman, see note in 35 **A. L. R.** 417.

APPEAL from the District Court of the Eighth Judicial District, for Benewah County. Hon. Herman H. Taylor, Judge.

Judgment of conviction of possessing intoxicating liquor. *Affirmed.*

R. B. Norris, for Appellant.

The provisions of the statute in relation to preliminary hearings are mandatory and must be complied with. (*State v. Braithwait*, 3 Ida. 119, 27 Pac. 731; *State v. Yturaspe*, 22 Ida. 360, 125 Pac. 802; *State v. Carlson*, 23 Ida. 545, 130 Pac. 463.)

A. H. Conner, Attorney General, and John W. Cramer, Assistant Attorney General, for Respondent.

A substantial compliance with the provisions of the statute in relation to preliminary hearings is sufficient. (*State v. Yturaspe*, 22 Ida. 360, 125 Pac. 802.)

The certificate of the county stenographer takes the place of the certificate of the magistrate as to the correctness of the evidence. (*State v. Carlson*, 23 Ida. 545, 130 Pac. 463.)

The court must disregard technical errors or defects unless they actually prejudice the defendant or tend to his prejudice in respect to a substantial right. (C. S., secs. 9084 and 9191; *State v. Marren*, 17 Ida. 766, 107 Pac. 993; *State v. Dong Sing*, 35 Ida. 616, 208 Pac. 860.)

WM. E. LEE, J.—Appellant was convicted of having in his possession intoxicating liquors. As a result of a preliminary examination he was ordered held to answer in the district court. An information was filed against him, to which he entered a plea of not guilty, and was found guilty. Prior to the entry of his plea in the district court appellant moved to set aside the information on the ground that the

depositions taken in the preliminary examination were not certified to as required by law.

Among other things, it is provided by C. S., sec. 8754, that:

"The testimony must either be reduced to writing by the magistrate or under his direction or be taken in shorthand by a stenographer and transcribed . . . . If the deposition is taken by a stenographer in shorthand it shall be transcribed by him and certified to as true and correct; and unless certified by the county stenographer, the deposition must also be signed and certified by the magistrate."

The attorney for appellant presented an affidavit by himself to the effect that he had searched "the records" and finds that "Mrs. Hugh Kenworthy is not now and never has been appointed a county or public stenographer . . . . but that the position is held by another person."

The county attorney filed his affidavit which states:

"That on the 10th day of April, A. D. 1924, he hired Minnie Wiberg to do the stenographic work of the Prosecuting Attorney's office and to act as County Stenographer; that ever since said time said Minnie Wiberg has performed the duties of stenographer for County Attorney and the other duties of stenographer; and that she has drawn pay for her work from said Benewah County; that since she entered the employ of said County said Minnie Wiberg has married and her name is now Mrs. Hugh Kenworthy."

Mrs. Hugh Kenworthy certified that the transcript of the evidence, etc., before the committing magistrate was " . . . . a full, true and correct record of the evidence given and the proceedings had . . . . " and that

" . . . . I am the stenographer regularly appointed by the Board of County Commissioners of Benewah County, Idaho, to transcribe testimony at preliminary examinations and hearings."

Reading the two affidavits and the certificate of the stenographer together, it appears that the person who took in shorthand the testimony at the preliminary examination had theretofore been employed by the county commissioners

under the name of Minnie Wiberg but that she had sub-sequently married, and certified to the transcript of testimony as Mrs. Hugh Kenworthy. The depositions were certified to by the county stenographer. The trial court properly denied the motion to quash.

An objection to the introduction of evidence and other motions based on the ground of the motion to quash were without merit and properly denied. It is also contended that the court erred in denying the motion to quash because of the insufficiency of the certificate of the magistrate to the correctness of certain papers transmitted by him to the district court. Appellant claims that the magistrate certified that the papers to which his certificate was attached "numbered 1 to 6, inclusive," were true, etc., but that there were not six papers. The original papers are not before us and we cannot determine the question. *Affirmed.*

William A. Lee, C. J., and Budge and Givens, JJ., concur.

Taylor, J., being disqualified, took no part.

Petition for rehearing denied.