[Crim. No. 1401. First Appellate District, Division One.—October 22, 1927.]

THE PEOPLE, Respondent, v. JOE FLORES, Appellant.

Gallaher & Jertberg for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

CASHIN, J.—The defendant was charged by an information filed in the superior court of the county of Fresno with the offense of burglary and was convicted. An appeal was taken from the judgment and from an order denying a motion for a new trial.

It is contended that the court misdirected the jury on matters of law, erred in its refusal to give an instruction requested by the defendant, and that a statement of the law by the prosecuting attorney in the course of his argument to the jury was prejudicially erroneous.

The evidence adduced shows that the dwelling-house of P. Bandoni, situated in the town of Firebaugh, in Fresno County, was on the night of December 5, 1926, between the hours of 7:30 and 10 o'clock P. M., entered, and a watch and a sum of money consisting of silver and copper coins taken therefrom. The crime was committed during the absence of Bandoni and his family, and it appears that an entrance was effected through one of the windows in a bedroom of the dwelling. Upon the return of the owner and his family the screen over the window was found to have been cut and removed and one of the panes of glass nearest to the window lock was broken. Bloodstains were discovered near the window and also upon a bed in the bedroom and in other parts of the house.

At about 10:30 o'clock on the same night defendant was arrested in a hotel near the scene of the crime. At the time of his arrest he was wearing a bandage on his right hand, and there was found upon his person the stolen watch and a small sum of money in silver and copper coins. The defendant denied all knowledge of the crime, and the witnesses agree that at the time of his arrest he appeared to be intoxicated. It was further shown that the thumb of defendant's right hand and his forefinger had been recently cut. The cuts, according to his testimony and that of others —who testified that they were in his company during the

day and evening of the crime—were received in a scuffle at the hotel. The defendant was unable to account for his possession of the watch, and denied any recollection of his movements during the evening preceding the crime.

The instruction of which the defendant complains was as follows: "Everyone is presumed to intend to do that which he in fact does, and also is presumed to intend all the natural and probable consequences of his own acts."

The jury was also instructed that in every crime or public offense there must exist a union or joint operation of act and intent; that all presumptions of law independent of evidence are in favor of innocence; that before they might convict they must believe from the evidence beyond a reasonable doubt that the defendant entered the dwelling-house with the intent to commit larceny; that the burden was upon the prosecution to show such intent beyond a reasonable doubt, and that this burden never shifted but remained upon the prosecution throughout the whole case.

It is the rule except in cases of murder, in which a contrary rule is established by statute, that whenever a specific intent is an element of an offense the existence of the intent must be proved as a fact, and is not presumed from the commission of an unlawful act (*People* v. *Landman,* 103 Cal. 577 [37 Pac. 518]; *People* v. *Johnson,* 106 Cal. 289 [39 Pac. 622]; *People* v. *Maciel,* 71 Cal. App. 213 [234 Pac. 877]). In *People* v. *Richardson,* 161 Cal. 522 [120 Pac. 20], the defendant was charged with having procured a pregnant woman to take a certain drug with intent thereby to cause a miscarriage, intent being the gist of the offense. It was held with respect to an instruction similar to the one in question that although it was a correct statement of the law in ordinary cases the instruction was not applicable to a case where intent was the gist of the offense; but the jury having been fully instructed that the specific intent with which the act was done was the gist of the offense, and that unless they were satisfied from the evidence beyond a reasonable doubt that the act was done with the intent to procure a miscarriage they must acquit, it was clear from the charge as a whole that the instruction complained of was not meant, nor could have been understood by the jury, as requiring or authorizing them to find such intent in the

absence of evidence establishing it beyond a reasonable doubt.

In the present case the clear purport of the two instructions given was that in order to convict it must be proved as a fact beyond a reasonable doubt that the defendant entered the dwelling-house with the intent to commit larceny, and we are satisfied that the charge was so understood by the jury.

■ The defendant offered and the court refused the following instruction: "You are instructed that in the crime of burglary one essential element constituting such crime is that the defendant must have entered the house, room, apartment with the intent to commit larceny or any felony. Therefore you are instructed that if you believe the defendant was intoxicated at the time of the alleged burglary you must take into consideration such facts in determining whether or not defendant was capable of entertaining the intent to commit grand or petit larceny or any felony at the time it was alleged in the information he entered the building alleged in the information."

In other parts of its charge the court instructed that intent was an essential element of the offense of burglary and must be proved beyond a reasonable doubt; and with respect to the purpose for which evidence of intoxication might be considered instructed as follows: "You are instructed that no act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition; but whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute any particular species or degree of crime the jury may take into consideration the fact that the defendant was intoxicated at the time in determining the purpose, motive or intent with which he committed the act." The foregoing instruction stated the law and fully covered all that was contained in the offered instruction, and the refusal of the latter was not error.

■ We find no merit in the further contention that statements by the district attorney of which appellant complains were prejudicial; and after an examination of the entire record, including the evidence, we are satisfied that the verdict is fully supported, and that no error is shown

which may reasonably be said to have been prejudicial or to have resulted in a miscarriage of justice.

The judgment and order are affirmed.

Tyler, P. J., and Knight, J., concurred.