[Crim. No. 1602.   Third Appellate District.—February 21, 1938.]

THE PEOPLE, Respondent, v. JAMES WILLIAM WEBB, Appellant.

James F. Gaffney for Appellant.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

THE COURT.—Defendant was accused of the crime of burglary, and after a trial was found guilty of burglary of the first degree.

There is no dispute that defendant entered an inhabited dwelling house in the nighttime and took therefrom certain articles of personal property. The defense interposed was that at the time of the alleged burglary the defendant was unconscious by reason of intoxication and was incapable of forming the necessary intent to commit the crime charged.

As grounds for reversal it is urged that under the peculiar facts of this case the court erred in giving an instruction in the language of section 22 of the Penal Code, as follows:

"No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive, or intent with which he committed the act."

As we understand the argument of defendant, he contends section 22 of the Penal Code deals with two distinct classes of crime, the first sentence applying only where intent is inferred from the commission of the act itself, and the latter part of the section is to be read as distinct from the first sentence and refers to all other offenses in which a specified purpose, intent, or motive must be established as an essential element of the crime charged.

Appellant draws this distinction first, from the use of the comprehensive word "no" in the beginning of the sentence:

"No crime is less criminal etc.," and by the conjunction "but" indicating an exception to the first of the section.

We believe appellant is attempting to draw too fine a distinction in the use of the words. Reading the section as a whole it appears to us clear of an ambiguity.

Here the defendant was accused of burglary in which intent was an element, and the jury were so instructed, and after listening to all of the evidence, found that the defendant was of sufficient mentality to form a criminal intent.

In *People* v. *Phelan,* 93 Cal. 111 [28 Pac. 855], an instruction was given that evidence of drunkenness could only be considered for the purpose of determining the degree of the crime. In that case, however, there was no question as to the degree, as the evidence, without conflict, established the crime as burglary of the first degree. As given, therefore, the question of intent was erroneously withdrawn from the jury. To the same effect is *People* v. *Neetens,* 42 Cal. App. 596 [184 Pac. 27].

Beginning as early as *People* v. *Lewis,* 36 Cal. 531, and frequently approved in later cases, the court has stated that drunkenness was no excuse for the commission of a crime, and insanity produced by intoxication did not destroy responsibility when the party, when sane, made himself voluntarily intoxicated, for the law will not permit a person to avail himself of his own misconduct to shelter himself from the legal consequences thereof.

In *People* v. *Phelan, supra,* the court there definitely held that drunkenness may be shown in a case of burglary; for there the entry into the building must be made with a particular intent in order that the crime may be made out; and that case comes directly within the purview of section 22 of the Penal Code.

For the foregoing reasons the judgment and order appealed from are affirmed.