**233 P.2d 429**

**MOORE v. HARLAND.**

No. 7633.

Supreme Court of Idaho.

June 20, 1951.

J. M. O'Donnell, Moscow, for respondent.

PORTER, Justice.

This case is concerned with a collision between the automobiles of appellant and respondent. The accident occurred on State Highway No. 8 about three miles east of Moscow, in Latah County, on May 10, 1947, at about nine o'clock P.M.

Laurence E. Huff, Martin V. Huff, Moscow, for appellant.

In his complaint, appellant alleged that at the mentioned time and place, he was driving his automobile in an easterly direction on the extreme right of said highway in a careful and prudent manner, and that at the same time and place, respondent was driving his automobile in a westerly direction on said highway, and carelessly, negligently and unlawfully drove said automobile from his right side of said highway into the plaintiff's right of way thereon, thereby causing the collision in question and injuring plaintiff and damaging his automobile. Respondent, by his answer and cross-complaint, denied that he drove his

automobile on the wrong side of the highway and into the right of way of appellant's car, and alleged that the accident occurred from the careless, negligent, unlawful and reckless operation of plaintiff's automobile in that the plaintiff for some distance prior to the point of impact, was driving erratically back and forth from his right hand side of the road to his left hand side of the road, and was traveling on the wrong side of the road at the point of impact upon said highway and was on the defendant's right hand portion of the road at said point; and prayed for damages for the resulting injuries to his person and damage to his automobile.

The cause was tried to a jury and the jury returned a verdict as follows: "We, the Jury in the above entitled cause, find for the Plaintiff (Cross-Defendant), Robert O. Moore, without damages." Judgment was duly entered in accordance with the verdict. Thereafter, appellant filed motion for new trial which was denied by the court. Appellant has appealed from the judgment and from the order denying the motion for new trial.

Appellant's assignments of error are long and interlarded with argument. The assignments of error relating to the order denying the motion for new trial are largely the same as those relating to the judgment. Without attempting to segregate the assignments, we will consider the salient points raised by appellant.

■■ Appellant urges that the evidence is insufficient to sustain the verdict and judgment, and that a new trial should have been granted on the ground of insufficiency of the evidence. An examination of the record reveals that there was ample and substantial evidence to sustain the verdict and judgment. The rule is well established in this jurisdiction that where the evidence is conflicting, and there is substantial evidence to support the verdict, it will not be disturbed on appeal. Jones v. Mikesh, 60 Idaho 680, 95 P.2d 575; Stallinger v. Johnson, 65 Idaho 101, 139 P.2d 460; Clark v. Alloway, 67 Idaho 32, 170 P.2d 425.

■■ The granting or denying of a motion for new trial on the ground of insufficiency of the evidence to support the verdict is discretionary with the trial court, and the trial court's action will not be reversed unless there was an abuse of discretion. Hall v. Johnson, 70 Idaho 190, 214 P.2d 467; Baldwin v. Ewing, 69 Idaho 176, 204 P.2d 430. No abuse of discretion by the trial court is shown.

■ Appellant complains of Instruction No. 16 reading as follows: "You are further instructed that if you find and believe from all the evidence that the plaintiff, Robert O. Moore, was driving his motor vehicle upon a highway at the time of the accident and collision with the defendant's motor vehicle in a careless and heedless manner by driving his motor vehicle back and forth across the center of said

highway in a manner likely to endanger any person or property, then you are instructed that the plaintiff was guilty of reckless driving contrary to the laws of this State, and if you find that said reckless driving on the part of the plaintiff contributed to the cause of the accident and collision in this case, then the plaintiff cannot recover from the defendant and your verdict should be in accordance thereto." This instruction appears to have been given to cover the allegation in respondent's cross-complaint as to the manner in which appellant was driving his automobile. The instruction is erroneous in stating the conclusion that the manner of driving therein described would make the plaintiff guilty of reckless driving contrary to the laws of this state, when the conclusion should have been that the plaintiff would be guilty of negligence. However, all the instructions must be read and considered together. Raide v. Dollar, 34 Idaho 682, 203 P. 469; Monske v. Klee, 38 Idaho 314, 221 P. 152. If instructions as a whole are substantially correct, and the jury could not have been prejudicially misled, the giving of an erroneous instruction is not reversible error. State v. Jurko, 42 Idaho 319, 245 P. 685. Other instructions given by the court stated fully the rights and duties of drivers of automobiles upon the public highways and the charge as a whole appears to have fairly presented the issues to the jury. We are of the opinion that the error in Instruction No. 16 does not constitute reversible error and require the reversal of this case.

Appellant complains of Instruction No. 17. This instruction advised the jury that it is unlawful for any person to drive any vehicle upon any highway in this state while under the influence of intoxicating liquor. Appellant contends that the giving of this instruction was not justified by the pleadings and the proof, and that it was error to give such instruction without giving an additional instruction defining the meaning of the phrase "under the influence of intoxicating liquor." It is true that the issue of intoxication was not raised in the complaint or in the answer and cross-complaint. However, both parties went into the issue of intoxication without objection. The evidence discloses the drinking of beer and whiskey by appellant and the drinking of beer by respondent a short time before the accident. The court was justified under this state of the evidence in giving Instruction No. 17. If appellant wished additional instructions on this phase of the case, it was his duty to request same, which was not done. Abbs v. Redmond, 64 Idaho 369, 132 P.2d 1044, and cases therein cited.

Appellant complains of Instruction No. 22 wherein the court submitted to the jury four forms of verdicts. The first form of verdict was a finding in favor of plaintiff and assessing his damages at the sum of $———. The second form of verdict was a finding for the plaintiff without damages. The third form of verdict was a finding for the defendant and cross-complainant and assessing his damages at the sum of $———.

380

And the fourth form of verdict was a finding for the defendant and cross-complainant without damages. The jury brought in a verdict for the plaintiff without damages. We have recently held that this form of verdict was, in effect, a verdict for defendant; and is not ground for granting a new trial. Baldwin v. Ewing, supra. While the submission of this form of verdict to the jury was irregular, it was not reversible error.

We have considered the remaining suggestions of error, but do not find them of sufficient import to require discussion. The order denying the motion for new trial and the judgment are affirmed. Costs awarded to respondent.

GIVENS, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.