245 P.2d 778

**STATE v. RUTTEN.**

No. 7798.

Supreme Court of Idaho.

June 11, 1952.

Rehearing Denied July 22, 1952.

Vernon K. Smith and Pete Leguineche, Boise, for appellant.

Robert E. Smylie, Atty. Gen., John Clinton Peterson, Asst. Atty. Gen., J. R. Smead, Asst. Atty. Gen., and Merlin S. Young, Boise, Pros. Atty., for respondent.

PORTER, Justice.

An information was filed in Ada County against appellant and one F. L. Stover charging them with the crime of burglary in the first degree. The trial of appellant was had thereon and the jury returned a verdict of guilty. Judgment was entered in accordance with the verdict and sentence pronounced. From such judgment, appellant has appealed to this court.

About midnight on April 12, 1951, the Vista Pharmacy, located in Boise, was entered and a cash register and other articles taken therefrom. A school girl living in the vicinity saw a car stop near the pharmacy and two men get out of the car. They broke the glass in the back door of the pharmacy and crawled through the door. She informed her mother who called the police. A few minutes later the two men came out of the pharmacy, one of them carrying a heavy object which they put in the car and which was later identified as the cash register belonging to the pharmacy.

The police arrived about the time the car was leaving the vicinity of the pharma-

cy and gave chase. A few minutes later the officers overtook the retreating car, which in the meantime had been wrecked. They arrested appellant and Stover, who were attempting to hide in the vicinity of the wrecked car. The car belonged to Stover but was being driven by appellant.

In the wrecked car the police officers found and took possession of certain articles, namely, two wrecking bars, a screwdriver, a wood chisel, a hammer and the cash register taken from the Vista Pharmacy a few minutes before. At the trial these items were offered and received in evidence as exhibits.

■ Appellant in his brief sets out 14 assignments of error. By Assignments of Error Nos. I and II, appellant contends the court erred in denying his motion to quash and set aside the information and preliminary examination and his motion in arrest of judgment. Appellant's contention is that the depositions taken at the preliminary hearing were not properly authenticated. The testimony of the witnesses at the preliminary examination was taken down in shorthand by a stenographer and certified by her as true and correct. The committing magistrate also attached his certification. The certification by the stenographer erroneously described her as county stenographer.

The pertinent part of Section 19–812, I. C. providing for authentication of testimony taken at preliminary examinations, reads thus:

"The evidence must be authenticated as follows:

"1. If the deposition is taken in writing each answer must be distinctly read to the witness as it is taken down, and must be corrected or added to until it conforms to what he declares is the truth; it must be subscribed and sworn to by the witness, or if he refuses to sign it, his reason for refusing must be stated in writing as he gives it; or,

"2. If the deposition is taken by a stenographer in shorthand it shall be transcribed by him and certified to as true and correct; and

"3. Unless certified by the county stenographer, the deposition must also be signed and certified by the magistrate."

Appellant relies upon State v. Carlson, 23 Idaho 545, 130 P. 463, to support his position that the testimony must be either taken by the county stenographer or signed and sworn to by the witnesses. However, State v. Carlson was decided in 1913 under a different wording of the statute. The authentication in the present case was sufficient. State v. Miller, 52 Idaho 33, 10 P.2d 955.

■ By his Assignment of Error No. III, appellant urges that the court erred in denying his motion to quash for the reason that the committing magistrate did not specify in his order for what offense defendant was held to answer to the district

30

court. The formal order of commitment provided for by Section 19-815, I.C., does not appear in the transcript. Therefore, it is not before us for review. Bruce v. Frame, 39 Idaho 29, 225 P. 1024; State v. Weir, 41 Idaho 345, 238 P. 1029.

██ By Assignment of Error No. IV, appellant questions the ruling of the court in denying his challenge for cause on voir dire examination of the prospective juror Murphy. An examination of the proceedings had does not disclose actual bias against appellant by the venireman but only a disapproval of intoxication. The matter was within the discretion of the trial court. The juror was excused on peremtory challenge and the record does not disclose that the necessity of accepting an unqualified juror was created. State v. Murray, 43 Idaho 762, 254 P. 518. No reversible error appears.

██ By Assignments of Error Nos. V and VI, appellant complains of remarks and comments by the court during the voir dire examination and the course of the trial. Appellant does not contend that any individual remark or comment by the court was sufficiently prejudicial to constitute reversible error, but insists that when all such comments and remarks are considered together they were prejudicial. "It is a recognized rule of this court that the trial court should make no remarks or comments that would tend to prejudice either of the parties litigant on the trial. Prejudicial comment should be avoided." State v. Miller, 60 Idaho 79, 88 P.2d 526, 527. A careful examination of the remarks and comments of which complaint is made, shows they were made mostly in connection with explanation of rulings upon objections. McShane v. Quillin, 47 Idaho 542, 277 P. 554. They indicate a degree of impatience not to be commended. However, they do not indicate an opinion by the trial court as to the guilt or innocence of appellant; do not hold up counsel to obliquity or ridicule; and do not tend to reflect upon the conduct of counsel in the handling of the case. We find no reversible error in this respect.

██ Appellant complains by Assignment of Error No. VII, that the court erred in permitting tags prepared by the police containing alleged hearsay and opinion evidence to remain affixed to exhibits admitted in evidence. The tags were merely tags of identification placed upon the exhibits by the police showing when and where the exhibits were taken into their possession. No objection to such tags was made at the time the exhibits were admitted. The information thereon was covered by oral evidence. No prejudicial error is shown.

██ Appellant questions in his Assignment of Error No. VIII, the admission in evidence over the objections of defendant, of the articles taken by the police from the wrecked automobile at the time of the arrest. A motion prior to trial to suppress such evidence was denied. The seizure of these articles by the police was incidental to

the arrest and it was not error to receive the same in evidence. State v. Kleier, 69 Idaho 278, 206 P.2d 513; State v. Conner, 59 Idaho 695, 89 P.2d 197.

■ By Assignments of Error Nos. IX, X and XI, appellant urges that the court erred in refusing to give his Requested Instructions Nos. 1, 2 and 3. The instructions requested amplify and emphasize appellant's defense that by reason of intoxication he did not have and was incapable of forming the specific intent necessary to constitute burglary. The trial court gave the following instruction substantially in the words of Section 18–116 I.C.:

"No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive, or intent with which he committed the act."

In 53 Am.Jur., Trial, par. 542, p. 433, it is said:

"As a general rule where the law governing a case is expressed in a statute, the court in its charge not only may, but should, use the language of the statute, * * *"

In People v. Flores, 86 Cal.App. 235, 260 P. 822, the defendant requested an instruction similar to those requested by appellant in this case. The court gave an instruction almost verbatim with the instruction given here. It was held that the instruction given stated the law and fully covered all that was contained in the offered instruction and that the refusal of the offered instruction was not error.

In People v. Casagranda, 43 Cal.App.2d 818, 111 P.2d 672, the jury was instructed as to the extent to which intoxication is an excuse for crime in the words of California statute, identical with our statute, and as the jury was instructed in the instant case. The court, 111 P.2d on page 675, said:

"Since this instruction amply covered the matter, it is clear that appellant was not prejudiced by the court's refusal to give the requested instruction upon the same subject."

In People v. Webb, 25 Cal.App.2d 130, 77 P.2d 231, the defendant was charged with burglary and his defense was that he was incapable of forming the necessary intent by reason of intoxication. The court approved the giving of the instruction on the effect of intoxication in the language of the statute.

In State v. Brooks, 49 Idaho 404, 288 P. 894, where the trial court used the language of the statute to define an offense, this court held that the law upon that subject

was sufficiently covered and it was not error for the court to refuse to amplify thereon.

It is not error to refuse to give a requested instruction where the subject matter thereof is fully and fairly covered by the instructions given by the court. Foberg v. Harrison, 71 Idaho 11, 225 P.2d 69; State v. Baldwin, 69 Idaho 459, 208 P.2d 161; Landholm v. Webb, 69 Idaho 204, 205 P.2d 507; State v. Vanek, 59 Idaho 514, 84 P.2d 567; State v. Stratford, 55 Idaho 65, 37 P.2d 681; State v. Brown, 53 Idaho 576, 26 P.2d 131; State v. Copenbarger, 52 Idaho 441, 16 P.2d 383.

Appellant, by Assignment of Error No. XII, complains of the court's Instruction No. 11, reading as follows:

"If you find that the building was entered into, with the intent to take, steal, and carry away, or drive away, anything of value, then you must find that the offense of burglary was committed, and it is not necessary that any specific goods were intended to be stolen."

It is true as contended that this instruction does not contain all the requisites necessary for conviction of the offense of burglary. It sets out the point that it was not necessary that any specific goods be intended to be stolen. An examination of the charge of the trial court as a whole discloses that the court instructed the jury as to all the essential elements of the offense of burglary and that they must be proven by the state beyond a reasonable doubt. The trial court is not requried to set out all the law applicable to the facts in the case in one instruction. Instructions are to be considered by the jury as a whole in ascertaining what the law is for their guidance. Goetz v. Burgess, Idaho, 238 P.2d 444, and cases cited. When read in connection with all the other instructions given by the court, the challenged instruction could not in any way have prejudicially misled the jury. Moore v. Harland, 71 Idaho 376, 233 P.2d 429.

By Assignment of Error No. XIII, appellant says that the court erred in giving Instruction No. 12 dealing with the possession of recently stolen property. Appellant contends that such instruction assumes that the defendant was in possession of the goods and presumes that such goods were stolen. An examination of the instruction discloses that it is not subject to such criticism.

By Assignment of Error No. XIV, appellant challenges the court's Instruction No. 13. The instruction given covers Sections 18–114 and 18–115 I.C., relative to intent. The instruction also contains a statement that "every person of sound mind is presumed to intend the natural and probable consequences of his acts."

In People v. Flores, supra, the California court held that whenever a specific intent is an element of an offense, the existence

of the intent must be proven as a fact and is not presumed from the commission of an unlawful act. The instruction given in such case was similar to the one challenged herein. However, the court pointed out that the jury was amply instructed by the charge as a whole that in order to convict it must be proven as a fact beyond a reasonable doubt that the defendant entered the dwelling house with intent to commit larceny. The California court held that no reversible error was committed. The same reasoning and conclusion are applicable to the charge as a whole in the instant case.

No reversible error appearing, the judgment of conviction is affirmed.

GIVENS, C. J., and TAYLOR, J., concur.

KEETON, Justice (dissenting).

I am unable to concur in the majority opinion. While many of the assignments of error are without merit and correctly disposed of in the majority opinion, there are some propositions submitted and argued which deserve careful consideration.

At the trial appellant contended and offered testimony to prove that at the time of the crime charged he was so intoxicated that he did not have and could not form an intent to commit grand or petit larceny, or other felony.

He testified that he had been drinking for several days prior to the time of the charged burglary and that on the day preceding the alleged burglary he drank intoxicants from 11:30 A.M. until late in the evening, consuming four or five drinks an hour, testifying:

"I drank from early afternoon until late evening, maybe four or five drinks an hour,—possibly between three and four drinks. * * * I remember drinking through the afternoon and into the evening * * * and things just sort of got black. * * *

"Q. On this particular day, as well as you can remember, would you say you were intoxicated? A. Yes, I would, very intoxicated."

On cross-examination he testified that during the day of the claimed burglary, he supposed he drank in all the bars along Main Street, and his recollection of what happened in the evening, and particularly before and at the time of the alleged burglary, was very hazy.

A corroborating witness testified that appellant was in his place of business about ten, or later, on the evening of the burglary, and he was at that time drunk. There was further slight testimony to show that on the day in question appellant had been consuming intoxicating liquors.

Among instructions requested, the defendant asked that the jury be instructed:

" * * * if you find that the defendant did enter said Vista Pharmacy on the night mentioned, but from the

evidence you entertain a reasonable doubt as to whether at the time of such entry the defendant did have an intent to commit one of the offenses named, or if you believe from the evidence and therefore find that the defendant was intoxicated and by reason thereof you entertain a reasonable doubt as to whether the defendant had an intent, or was capable of having an intent to commit one of the offenses named in the statute, then you should acquit the defendant."

He requested other instructions in substance stating that if the jury entertained a reasonable doubt as to whether he was or was not intoxicated at the time of the unlawful entry to the degree that he did not have, or was incapable of having, an intent to commit one of the offenses named, he was entitled to an acquittal. The court refused to give the requested instructions and such refusal is assigned as error.

In order to constitute burglary, there must have existed in the mind of the defendant at the time of the entry into the building, a specific intent to commit grand or petit larceny, or other felony. If this intent did not exist at the time of the entry, regardless of what might happen thereafter, the crime of burglary was not committed. State v. Dwyer, 33 Idaho 224, 191 P. 203; State v. Sullivan, 34 Idaho 68, 199 P. 647, 17 A.L.R. 902; State v. Bigley, 53 Idaho 636, 26 P.2d 375.

If the intent to commit larceny or some felony necessary to constitute the crime of burglary actually existed at the time of the entry, it would make no difference whether the accused was drunk or sober. The correct inquiry, however, is the criminal intent at the time of the entry. True, this intent may exist in the mind of one who is under the influence of intoxicating liquors, and if so, intoxication is no excuse. If, on the other hand, the defendant was so drunk (there being no prior criminal intent) as not to know where he was or what he was doing, and with no specific intent to commit the crime of grand or petit larceny, or other felony, when the entry was made, he would not be guilty of burglary. From the very nature of the offense charged, the necessary intent cannot exist in the mind of one who is too drunk to entertain a specific intent of any kind. State v. Shores, 31 W.Va. 491, 7 S.E. 413, 13 Am. St.Rep. 875; McPhee v. People, 105 Colo. 539, 100 P.2d 148, 23 C.J.S., Criminal Law, § 1201, p. 756; 15 Am.Jur. 30, Sec. 340; State v. Stenback, 78 Utah 350, 2 P.2d 1050, 79 A.L.R. 878; State v. Gailey (assault with intent to commit rape) 69 Idaho 146, 204 P.2d 254.

The rule applicable here is stated in 16 C.J. 107, § 83, as follows:

"The rule that drunkenness is no defense does not apply to the full extent where a specific intent or motive is an essential element of the offense

charged. If at the time of the commission of such an offense the accused was by intoxication so entirely deprived of his reason that he did not have the mental capacity to entertain the necessary specific intent which is required to constitute the crime, he must necessarily be acquitted; and in like manner the fact of defendant's drunkenness should be considered in determining the degree of the crime. This is so, not because drunkenness excuses the crime but because if the mental status required by law to constitute crime be one of specific intent or of deliberation and premeditation, and drunkenness excludes the existence of such mental state, then the particular crime charged has not in fact been committed." See also, 22 C.J.S., Criminal Law, § 68.

The court did not give the jury any instructions covering the legal points presented here. General instructions given were insufficient. The refusal was error.

The defendant is entitled to an affirmative instruction applicable to his testimony based upon the hypothesis that it is true when his testimony affects a material issue of the case. State v. Huskinson, 71 Idaho 82, 226 P.2d 779; Dismore v. State, 60 Okl.Cr.R. 346, 44 P.2d 894; State v. White, 46 Idaho 124, 266 P. 415; State v. Moultrie, 43 Idaho 766, 254 P. 620.

Numerous remarks of the court made in the presence of the jury, during the proceedings taken against the appellant, are assigned as error. It is a well recognized fact that the jury watches every movement and statement of the trial judge, observes his demeanor and detects, if possible, the slightest intimation on his part of his feelings, if any, in the matter at issue, and places great reliance upon what he says, how he says it, and what he does. If a wrong impression is made on a jury from any such demeanor or remarks, it is difficult, if not impossible, to remove it from the minds of the jury by any general instruction that might be given. Hence comment or remarks by a trial court which will in anywise tend to prejudice a defendant should be avoided. It is no answer to say no prejudice is shown. The question is, might it have affected the verdict.

The State contends that the proof of the defendant's guilt is evident and the presumption great so that errors complained of could have had no effect on the verdict.

Art. 1, Sec. 7, Idaho Constitution provides the right of trial by jury shall remain inviolate.

This provision of the constitution means the trial on an issue of fact, free from prejudicial error, by a jury which has not been misdirected by a court as to the law governing the case. In re Dawson, 20 Idaho 178, 117 P. 696, 35 L.R.A.,N.S., 1146; State v. Lundhigh, 30 Idaho 365, 164 P. 690. An instruction which takes from the jury a question of fact proper for the jury to pass on is prejudicial error. State v. Dunn, 44 Idaho 636, 258 P. 553.

36

The real question presented here is whether or not a person accused of crime is entitled to have the facts passed on by a jury under proper instructions covering the law of the case, or may be convicted by a court's determination of the facts. The grave issue raised is whether or not established precedents may be disregarded and the procedural rights of a person accused of crime as guaranteed by the constitution and the well recognized law of the state be ignored. The answer seems plain. The procedural rights of a person accused of crime is part of the law to which every accused person is entitled, and the guilt of such accused person should not be determined by the over-all conclusion that the proof of guilt is evident and the presumption great.

It is not for us to say whether the accused is guilty or innocent. There is, in fact, no way of determining this issue without first according the accused a fair and impartial trial before a jury under rules of law and procedure well recognized and established. These rights belong to every person and should not be out-weighed by what our own conclusions of the facts might be.

This Court and other Courts have many times reversed convictions, not because of a reasonable doubt of what the facts might be, but because the procedural rights of the accused by which the guilt was established were not complied with.

We should not speculate on or determine what a jury may or might have done under other circumstances. No one knows what a jury will determine until its verdict is announced.

One of the basic principles necessary to secure the liberties of all is a fair trial for those accused of crime, and a defendant in a criminal proceeding has a right to have his cause passed on by a jury and instructions given covering his theory of the defense which are within the issues. When we adopt a contrary rule, by following a like example, many errors will enter our judicial system.

It is probably of little general importance whether the accused is or is not confined in the penitentiary, but the precedent established by which his conviction was secured is of the gravest importance to all individuals.

The judgment should be reversed and appellant granted a new trial.

THOMAS, J., concurs in this dissent.